✓ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

3:10 pm, Jul 27 2021

AT  BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF A CERTAIN INSTAGRAM ACCOUNT, STORED AT A PREMISE CONTROLLED BY FACEBOOK, INC.** | **Case No.** 1:21-mj-2025 TMD _____ |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent (SA) Javon Weaver, Special Agent with the Bureau of Alcohol, Tobacco,

Firearms, and Explosives ("ATF"), being first duly sworn, depose and state as follows:

### INTRODUCTION

1.     This affidavit is being submitted in support of an application for a search warrant

under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A) for information associated with the account

"gbc_cruddy_cutt_caniva" (**SUBJECT ACCOUNT**) that is stored at premises owned, maintained,

controlled, or operated by Instagram, LLC, ("Instagram") a social-networking company owned by

Facebook, Inc. and headquartered at 1601 Willow Road, Menlo Park, CA 94025 (**SERVICE**

**PROVIDER**).  The information to be searched is described in the following paragraphs and in

Attachment A.  This warrant would require Instagram to disclose to the government records and

other information in its possession, including the contents of communications, pertaining to the

subscriber or customer associated with the **SUBJECT ACCOUNT**, further described in Attachment

B.

2.     Because this affidavit is being submitted for the limited purpose of establishing

probable cause for a search warrant, I have not included every detail of every aspect of the

investigation.  Rather, I have set forth only those facts that I believe are necessary to establish

probable cause.  I have not, however, excluded any information known to me that would defeat a

determination of probable cause.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, police officers, witnesses, cooperating sources, and reports.

3.      Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(1) – Possession of a Firearm By a Prohibited Person (**SUBJECT OFFENSE**) have occurred.[1]  I also believe that probable cause exists to search the **SUBJECT ACCOUNT**, particularly the information described in Attachment A, for evidence of this crime and the items to be seized listed in Attachment B.

## JURISDICTION

4.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## AGENT BACKGROUND

5.      I am a Special Agent with the ATF and am currently assigned to a joint task force comprised of ATF agents and detectives from the Baltimore Police Department ("BPD") tasked with investigating violent crime in Baltimore City including homicides, non-fatal shootings, carjackings, commercial robberies, and firearm violations. I have worked for the ATF since July of 2013. I have attended the Criminal Investigator Training Program (CITP), a twelve-week basic program held at

---

[1] The defendant has three prior felony convictions (2004, 2005, 2013) which meet the definition of a felony under federal law. As such, the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year and the defendant knew he had been convicted of such crime.  His civil rights have not been restored.  Therefore, he is prohibited from possessing a gun.

the Federal Law Enforcement Training Center (FLETC) located in Glynco, Georgia, and ATF

Special Agent Basic Training (SABT), a fourteen-week training program at FLETC. During both of

these courses, I received training on basic investigative techniques, probable cause, constitutional

law, federal controlled substances and firearms laws, electronic and physical surveillance

techniques, wiretap information, and other forms of electronic data. I have participated in numerous

investigations focusing on federal firearm violations, violations of the laws related to controlled

dangerous substances, and violent crimes that occur in conjunction, or are associated with, the

foregoing offenses.  During these investigations, I have conducted covert surveillance, interviewed

numerous individuals, and participated in the execution of numerous state and federal search and

arrest warrants.

      6.    Based upon my training, experience and participation in this and other

investigations, I know the following:

      a.    Individuals involved in firearms possession frequently use social media
platforms like Instagram to further their illegal activities.  As described in further detail below,
Instagram allow users to communicate with one another via private messages, or to upload
photographs and videos or post comments to photographs and videos that are accessible to a wider
audience consisting of the user's "friends" or "followers," or the broader public.

      b.    Individuals who possess firearms often use social media platforms like
Instagram to communicate privately with co-conspirators, or to communicate with wider audiences
to promote themselves or their acts.

      c.    Records of these communications, including the communications
themselves, are often stored by the relevant social media platform for extended periods of time
(i.e. years).

      d.    Social media accounts belonging to individuals who possess firearms
frequently contain evidence of their criminal activities.  For instance, people who possess firearms
commonly post photographs and videos of themselves with other associates.  People who possess
firearms also frequently post photographs or videos of themselves holding firearms.

      e.    Furthermore, people who possess firearms commonly install the Instagram
"apps" on their cell phones, which they carry with them virtually everywhere they go.  When they
access this "app" from their cell phones on the go, location data stored by Instagram can be used

as evidence of a target's whereabouts at a particular time. I also know that it is common for people who possess firearms to keep their social media accounts active for periods of years.

f. Finally, it is common for users of social media to post pictures of themselves on their social media accounts. I also know that clothing or items worn in such pictures can be helpful in establishing that a particular person possessed a particular item or piece of clothing. Such information can be particularly helpful, for example, in establishing attribution of an item or piece of clothing to an individual where, as here, the individual may deny that an item or piece of clothing containing contraband is his.

## **PROBABLE CAUSE**

7. On May 18, 2020 at approximately 3:25 p.m., a Baltimore City Police Department ("BPD") detective was conducting covert surveillance of the Liberty Buys convenience store in the area of the 3400 block of Clifton Ave. in Baltimore, MD. The BPD detective observed a man wearing a black hoodie with orange writing, later identified as James BENNETT III (B/M, DOB: 5/28/1984), exit the front door of the Liberty Buys convenience store wearing a bright orange fanny bag across his chest area. The BPD detective observed the outline of a firearm inside of the fanny bag as BENNETT began to pace back and forth in front of the store. The BPD detective observed BENNETT tap the bag, and then lift it back into position. The BPD detective believed that BENNETT had performed a "security check", and that BENNETT was armed with a concealed firearm.

8. The BPD detective notified a BPD arrest team of BENNETT, his description, and location. The BPD arrest team responded to the area of the 3400 block of Clifton Ave., located, and stopped BENNETT. One of the BPD detectives patted down the fanny bag and felt what he believed to be a firearm inside the bag. The BPD detective opened the bag and recovered a Glock, 22c, .40 caliber handgun, serial number FXT422, which had one live round in the chamber, and a .40 caliber magazine containing 17 additional 40 caliber rounds of ammunition. BPD detectives placed BENNETT under arrest.

9.      A BPD detective conducted a search of BENNETT and recovered several containers of marijuana from BENNETT's pocket. Another BPD detective searched the fanny bag and recovered 29 pink cubes of cocaine.

10.      Detectives determined that the handgun recovered from BENNET was stolen from a residence in Frederick County approximately two months before BENNETT'S arrest.

11.      BPD detectives later identified and reviewed publicly available photos from BENNETT's Instagram account, "gbc_cruddy_cutt_caniva", the **SUBJECT ACCOUNT**.   The detectives found a photograph in which BENNETT is wearing an orange fanny bag similar to the one that contained the firearm and cocaine recovered during his arrest. Based on the above, I believe that BENNETT may have posted photos that contain additional evidence of the **SUBJECT OFFENSE** and used the **SUBJECT ACCOUNT** to communicate with others about past and future crimes.



## INSTAGRAM

12.     Instagram is an online mobile photo-sharing, video-sharing, and social networking service that enables its users to take pictures and videos, and share them either publicly or privately on the app, as well as through a variety of other social networking platforms, such as Facebook, Twitter, Tumblr, and Flickr. Instagram has no set limit on the amount of data a user uploads to Instagram.

13.     On November 30, 2020, I served Instagram with a preservation request pursuant to 18 U.S.C. § 2703(f), requiring Instagram to preserve all information associated with the **SUBJECT ACCOUNT**.[2]

## PURPOSE OF THE SEARCH

14.     Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the **SUBJECT ACCOUNT**, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## REQUEST FOR A SEARCH WARRANT

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).

16.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to

---

[2] On July 29, 2020, I served Instagram with a preservation extension request.

require Instagram/Facebook to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

17.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Instagram. Because the warrant will be served on Instagram, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

18.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*Javon Weaver*

Javon L. Weaver
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this _____ day of July, 2021.

The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

## <u>ATTACHMENT A</u>

**Property to Be Searched**

This warrant applies to information associated with Instagram account:

"gbc_cruddy_cutt_caniva"

that are stored at premises owned, maintained, controlled, or operated by Facebook, Inc., and headquartered at 1601 Willow Rd, Menlo Park, CA 94025.

## ATTACHMENT B

### Particular Things to be Seized

**I.   Files and Accounts to be produced by Instagram (Facebook) between August 1, 2019 – May 18, 2020.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to Instagram or have been preserved, Instagram is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.   All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, email addresses, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

b.   Subscriber information for all other accounts linked to the Target Accounts, including by email address, phone number, Instagram or third-party cookies and machine cookies, unique device identifiers, or any other means by which Instagram links accounts that appear to have a common user;

c.   All information automatically recorded by Instagram from a user's Device, including its software and all activity using the Services, to include, but not limited to:  a utilizing device's IP address, browser type, web page visited immediately prior to connecting to the Instagram website, all information searched for on the Instagram website, locale preferences, identification numbers associated with connecting devices, information regarding a user's mobile carrier, and configuration information;

d.   The types of services utilized by the user;

e.   All files and records or other information stored by an individual using the account, including all images, videos, documents, communications and other files uploaded, downloaded or accessed using the Instagram service, including all available metadata concerning these files;

f.   All records pertaining to communications between Instagram and any person regarding the account, including contacts with support services and records of actions taken;

g.   All data and information associated with the personal page and/or profile page, including photographs, videos, audio files, lists of personal interests and preferences, including hashtags;

h.      A complete list of all users who are followed by the accounts and a list of all users who are following the accounts, including every user name, user identification number, corresponding email address, physical address, and date the user joined Instagram;

i.      All photos, videos, messages and other files to which the accounts have been added, tagged, or associated, including any hashtags or captions associated with each photo, a list of all user who "liked" each photo, a list of each user who commented on each photo, and the substance of each comment regarding each photo;

j.      All photos, videos, messages and other files posted, screen shot, sent, received, or stored by the accounts, including the contents of all posts and direct or private messages, including any metadata, geotags, hashtags, captions, or comments associated with the content, a list of all users who "liked" or commented on each photo, video, or post, the usernames of any other user added to or tagged in each photo, video, comments;

k.      All location data associated with the account;

l.      All data and information that has been deleted or marked for deletion by the user;

## II.      Information to be seized by Law Enforcement Personnel

Any and all records that relate in any way to the account(s) described in Attachment A which is evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g)(1), specifically that relate to the following:

a.      Evidence of the possession and use of firearms and ammunition;

b.      All images, messages, communications, calendar entries, and contacts, including any and all preparatory steps taken in furtherance of these crimes;

c.      Communication, information, documentation and records relating to who created, used, or communicated with the account(s) or identifier(s), including records about their identities and whereabouts;

d.      Evidence of the times the account(s) or identifier(s) listed in Attachment A were used;

e.      All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

f.      Passwords and encryption keys, and other access information that may be necessary to access the account(s) or identifier(s) and other associated accounts;

g.      Credit card and other financial information, including but not limited to, bills and payment records evidencing ownership of the subject account(s);

With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored

1:21-mj-2025 TMD

information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be seized as set forth herein, to the extent reasonably practicable. If the government identifies any seized communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information so as to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.

1:21-mj-2025 TMD

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS
## RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct.  I am employed by Facebook, and my official title is _____.  I am a custodian of records for Facebook.  I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Facebook, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity of Facebook; and

c.      such records were made by Facebook as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
 Date                                                    Signature